# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVIS MATTHEW AARON,

    Plaintiff,

v.                                                                                          Case No: 8:24-cv-02907-KKM-NHA

PASCO COUNTY SHERIFF, et al.,

    Defendant.

_____

## ORDER

    On December 5, 2024, Davis Matthew Aaron, proceeding pro se, brought this action against the Pasco County Sheriff, the Paso County Public Defender's Office, the Pasco County State Attorneys Office, and the Paso County Board of County Commissioners. Am. Compl. (Doc. 3). He alleges several violations of the U.S. Constitution and the Posse Comitatus Act. Because Aaron's complaint is a shotgun pleading, this action is dismissed without prejudice. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

    "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Id.* The Eleventh Circuit has explained that such complaints are "altogether unacceptable" because they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). And although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.

1989) ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." (italics omitted)).

*Weiland* outlines four common types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. 792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The complaint violates the second and fourth categories of shotgun pleading. Aaron asserts conclusory facts that are not obviously connected to any particular cause of action, and instead makes legal conclusions. *See id.* at 1322. This flaw alone warrants dismissal on shotgun pleadings grounds. *See, e.g.*, *Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018) (affirming dismissal of a pro se complaint as a shotgun pleading that contained "scattered legal arguments . . . legal conclusions, and even (incomplete) citations to legal authorities" instead of "factual allegations"); *Antoine v. Sch. Bd. of Collier Cnty., Fla.*, No. 16-CV-379, 2019 WL 913358, at *1 (M.D. Fla. Feb. 25, 2019) (dismissing complaint for including improper legal arguments which are inappropriate in a complaint). And his

2

complaint refers generally to the defendant or defendants but does not specify which causes of action apply to which defendant. *See Weiland*, 792 F.3d 1321–23; Compl. at 7–8.

Accordingly, the following is **ORDERED:**

1. Plaintiff's Amended Complaint (Doc. 3) is **DISMISSED without prejudice**.

2. Plaintiff may file an amended complaint no later than **January 9, 2025**. If Plaintiff fails to refile in a timely manner, this action will become subject to dismissal without further notice.

**ORDERED** in Tampa, Florida, on December 26, 2024.

*[Signature]*
Kathryn Kimball Mizelle
United States District Judge