UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW AARON DAVIS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　Case No. 8:24-cv-02907-KKM-NHA

STATE OF FLORIDA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

I recommend Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 11) be denied without prejudice, and that his Fourth Amended Complaint (Doc. 10) be dismissed without prejudice, subject to his right either to amend his Complaint and re-file his motion to proceed without pre-paying the filing fee, or to pay the filing fee, within 60 days.

### I.     Background

On December 16, 2024, Plaintiff Matthew Aaron Davis filed an action against the Pasco County State Attorney Office, the Pasco County Sheriff, the Pasco County Public Defender, the Pasco County Clerk of Court, and the Pasco County Board of County Commissioners, alleging Defendants violated Plaintiff's constitutional rights and the Posse Comitatus Act when they arrested him, maliciously prosecuted him, failed to turn over exculpatory

evidence, coerced him into a plea deal, interfered with his parental rights, and facilitated the human trafficking of his children. Doc. 1. Alongside his Complaint, Plaintiff made a motion to proceed without paying the filing fee. Doc. 2.

One week later, before the Court had considered Plaintiff's initial Complaint, Plaintiff filed an Amended Complaint. Doc. 3. The Amended Complaint again alleged claims under 42 U.S.C. § 1983 and the Posse Comitatus Act for Defendants' alleged "false arrest, false imprisonment, malicious prosecution, and deprivation of due process" and for the "systemic human trafficking involving Plaintiff's children." Doc. 3 at pp. 4–5. The Court dismissed the Amended Complaint without prejudice, finding that it was a shotgun pleading because it "asserts conclusory facts that are not obviously connected to any particular cause of action, and instead makes legal conclusions" and "does not specify which causes of action apply to which defendant." Doc. 4. The Court gave Plaintiff leave to amend his Amended Complaint on or before January 9, 2025. Doc. 4 at p. 3. Additionally, the Court dismissed Plaintiff's motion to proceed without pre-paying the filing fee. Doc. 5.

On January 2, 2025, Plaintiff filed a Second Amended Complaint. Doc. 6. Before the Court reviewed the Second Amended Complaint, Plaintiff filed a Third Amended Complaint. Doc. 7. The Third Amended Complaint only named

one Defendant, the State Attorney's Office in Pasco County, which he charged with "pursuing criminal charges . . . without probable cause," arresting him "on blatantly false charges of aggravated assault" and coercing him into a plea deal. *Id.* at p. 4. He brought claims under 42 U.S.C. § 1983 for violations of his Fourth, Eighth, and Fourteenth Amendment rights. Doc. 4 at p. 5. The Court dismissed the Third Amended Complaint, but gave Plaintiff leave to file a Fourth Amended Complaint no later than February 20, 2025, and directed him to either pay the filing fee or submit a new motion to proceed without pre-paying the filing fee along with his amended complaint. Doc. 9.

On February 20, 2025, Plaintiff submitted both a Fourth Amended Complaint (Doc. 10), and a renewed motion to proceed without pre-paying the filing fee (Doc. 11). In the Fourth Amended Complaint, Plaintiff names one Defendant, the State of Florida, although he notes that the state acts through various divisions, including the Pasco County Sheriff's Office, the Department of Children and Families, the State Attorney's Office, the Pasco County Public Defenders Office and the Pasco County Clerk of Court. Doc. 10 at ¶ 4. In his factual allegations, Plaintiff describes the following:

Plaintiff was arrested for domestic battery in or around December 2020. Doc. 10 at ¶ 5. His children were removed from his custody as a result, and were kept from him even after the charges were dismissed in February 2021. *Id.* at ¶ 7. In March 2021, the court made a "ransom request" by forcing him to

3

take parenting courses. *Id.* at ¶¶ 8, 10. Also in March 2021, Plaintiff was arrested on new charges, including burglary, dealing in stolen property, and fraud. *Id.* at ¶ 11. Plaintiff was then made to endure "unreasonable delays" in his case at the hands of Defendant[1] and was eventually threatened and coerced into a plea deal that caused "irreparable physical damage" to one of his children. *Id.* at ¶¶ 13, 14. On July 29, 2022, Plaintiff was shot and also arrested for aggravated assault. *Id.* at ¶¶ 16, 17. He was coerced into another plea agreement, which Defendant prevented him from successfully appealing. *Id.* at ¶¶ 20–25. "Plaintiff continues to be gangstalked, human trafficked and tortured by constant attempts on his life and widespread hate . . . due to a[n] investigation by law enforcement and the United States Military involvement." *Id.* at ¶ 26.

As to specific claims, Plaintiff alleges that Defendant violated numerous Amendments to the United States Constitution, as well as a criminal statue. <u>First</u>, Plaintiff claims that Defendant violated the first amendment by "retaliat[ing] against Plaintiff for exercising his rights to seek legal recourse and defend his parental rights." *Id.* at ¶ 27. <u>Second</u>, Plaintiff alleges that Defendant violated the Fourth Amendment by "conduct[ing] unlawful arrests

---

[1] It appears that one delay was caused by one of the lawyers on the case withdrawing due to his enlistment in or duty for the United States Marine Corps. Doc. 10 at ¶ 15.

and searches[ and] fabricating evidence against Plaintiff." *Id.* at ¶ 28. Third, Plaintiff alleges that Defendant violated the Fifth and Fourteenth Amendments by "depriv[ing] [him] of his parental rights and liberty without due process." *Id.* at ¶ 29. Fourth, Plaintiff alleges that Defendant violated the Sixth Amendment by "deny[ing] him effective legal representation and a fair trial." *Id.* at ¶ 30. Fifth, Plaintiff alleges that Defendant violated the Eighth Amendment by "subject[ing] Plaintiff to harassment and intimidation, constituting [of] cruel and unusual punishment." *Id.* at ¶ 31. Sixth, Plaintiff alleges Defendant violated the Posse Comitatus Act by using a member of the military to investigate him. *Id.* at ¶ 32. Plaintiff does not state or incorporate any factual allegations into his claims, leaving the Court to guess which facts support which claim.

In his prayer for relief, Plaintiff seeks a declaration that Defendant violated his constitutional rights, an order restoring his parental rights, $50 million in compensatory and punitive damages, and an award of attorneys' fees and costs. *Id.* at p. 5.

## II. Standard of Review/Applicable Law

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to

commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

One such rule is Rule 8 of the Federal Rules of Civil Procedure, which requires that a plaintiff describe what a defendant did that violated the law. As stated under the Rule, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard in Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Conclusions and characterizations of conduct are insufficient; a complaint must allege enough facts to show that each element of an offense is satisfied. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

Finally, independent of the Court's duty under section 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that subject matter jurisdiction exists. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

### III. Analysis

    A. <u>The Eleventh Amendment Bars Plaintiff's Claims for Violations of the Constitution</u>

Under 42 U.S.C. Section 1983 a person may bring a federal lawsuit for the deprivation, under color of law, of the rights, privileges, and immunities granted to him by the laws or Constitution of the United States. Plaintiff sues Defendant under Section 1983 for violating (1) the First Amendment, (2) the Fourth Amendment, (3) the Fifth and Fourteenth Amendments, (4) the Sixth Amendment, and (5) the Eighth Amendment.

Because Plaintiff sues the State of Florida, the Court first considers whether the Eleventh Amendment bars Plaintiff's claims. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Even though the Amendment expressly refers only to suits by citizens of another state or country, the immunity prevents a citizen from bringing suit against even his own State in federal court. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987). The Eleventh Amendment generally serves as a jurisdictional bar to suing a state in federal court. *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990).

Because Plaintiff brings claims against the State of Florida, it appears at first glance that the Eleventh Amendment bars his claims. Nonetheless, there are three exceptions to Eleventh Amendment immunity. *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990). First, a state may expressly waive its immunity. *Pennhurst State Sch. Et Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Second, Congress can abrogate the immunity pursuant to Section Five of the Fourteenth Amendment. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238 (1985). And, third, a party may sue for prospective injunctive relief in "a suit challenging the constitutionality of a state official's action." *Pennhurst*, 465 U.S. at 102 (discussing *Ex Parte Young*, 209 U.S. 123 (1908)).

Turning to the first exception, Florida has expressly waived, through legislation, its immunity in certain actions:

> Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.

§ 768.28(1), Fla. Stat. But, as to Plaintiff's 42 U.S.C. § 1983 claims, the Eleventh Circuit has held that section 768.28 of the Florida Statues "was intended to render the state and its agencies liable for damages for traditional

9

torts under state law, but to exclude such liability for 'constitutional torts.'" *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986).

Constitutional torts are actions that allege a violation of one's constitutional rights by a government actor. *Monroe v. Pape*, 365 U.S. 167, 196 (1961) (categorizing these actions as akin to a traditional tort), *overruled by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). By definition, section 1983 claims allege that a state actor deprived an individual "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

Here, Plaintiff alleges that Defendant violated section 1983 by abridging his constitutional rights. Plaintiff's section 1983 claims are constitutional torts. Florida has not waived its immunity against constitutional torts like Plaintiff's section 1983 claims. *Gamble*, 779 F.2d at 1515. So, no affirmative state waiver undermines the Eleventh Amendment's bar to Plaintiff's claims.

As to the second exception to Eleventh Amendment immunity, Congress has not abrogated Eleventh Amendment immunity in section 1983 cases. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

The final exception to Eleventh Amendment's immunity applies when a party seeks future, non-monetary relief (called prospective injunctive relief) prohibiting an unconstitutional act by a state official. *Ex Parte Young*, 209 U.S.

at 159–60. This doctrine only applies when a complaint (1) alleges an ongoing and continuous violation of federal law by a state official, *see id.*, and (2) requests relief that can be characterized as "prospective," *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (citation omitted); *see also Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (citation and internal quotation marks omitted)). "Where there is a threat of future enforcement that may be remedied by prospective relief, the ongoing and continuous requirement has been satisfied." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1338 (11th Cir. 1999)

But the exception does not apply to states and therefore does not apply to Plaintiff's claims against Defendant. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that *Ex parte Young* exception to sovereign immunity is "narrow" and that it "has no application in suits against the States and their agencies, which are barred regardless of the relief sought").

Because the Eleventh Amendment generally protects states from lawsuits, and because none of the exceptions to that protection apply here, the

Court does not have subject matter jurisdiction over Plaintiff's claims. *Welch v. State Dept. of Highways and Public Transportation*, 483 U.S. 468, 472 (1985) (The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state).

But, even if Plaintiff were to amend his complaint to name individual actors, his claims would still fail.

### B. Plaintiff's Complaint Fails to Comport with the Federal Pleading Standards.

Plaintiff brings six counts. Each of those counts consists of a singular conclusory allegation: Defendant violated certain Constitutional Amendments by "retaliat[ing] against Plaintiff for exercising his rights to seek legal recourse and defend his parental rights," (Count One); "conduct[ing] unlawful arrests and searches[ and] fabricating evidence against Plaintiff," (Count Two); "depriv[ing] [him] of his parental rights and liberty without due process," (Count Three); "deny[ing] him effective legal representation and a fair trial," (Count Four); and "subject[ing] Plaintiff to harassment and intimidation, constituting cruel and unusual punishment," (Count Five), and that Defendant violated the Posse Comitatus Act by using a member of the military to investigate him (Count Six). *Id.* at ¶¶ 27–32.

Plaintiff does not incorporate factual allegations into each of his claims, and the Court is unable to determine which facts support which claim. For

example, the facts describe several arrests, and it is unclear which of the arrests related to Plaintiff's claim for "unlawful arrests."

Moreover, the Court is unable find any facts supporting the legal conclusions in each claim. For example, the Court can find no facts showing why the arrests were unlawful, what evidence the Defendant fabricated, or what harassment and intimidation the Plaintiff ensured.

In sum, Plaintiff's Fourth Amended Complaint falls short of the standard set forth in Federal Rule of Civil Procedure 8,[2] because it does not support each claim with facts showing that Plaintiff is entitled to relief. For this reason alone, Plaintiff fails to state viable claims and dismissal of the claims is appropriate.

> B. <u>Plaintiff Cannot Bring A Civil Claim Under the Posse Comitatus Act.</u>

Plaintiff additionally alleges that Defendant violated the Posse Comitatus Act ("PCA"), 18 U.S.C. § 1385. The PCA is a criminal statute that provides that "[w]hoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army, the Navy, the Marine Corps, the Air Force, or the Space Force as a

---

[2] Again, this Rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); a complaint must allege enough <u>facts</u> to show that each element of an offense is satisfied. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

posse comitatus or otherwise to execute the laws shall be fined under this title or imprisoned not more than two years, or both." 18 U.S.C. § 1385. "Criminal statutes like the PCA do not always—or even generally—create a cause of action for civil damages." *Black Lives Matter D.C. v. Trump*, 544 F. Supp. 3d 15, 40 (D.D.C. 2021), *aff'd sub nom. Buchanan v. Barr*, 71 F.4th 1003 (D.C. Cir. 2023) (collecting cases in support). Rather, to find a civil damages remedy within a criminal statue, a Court must find independent evidence of Congress' intent to create such a remedy. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy.").

As to the PCA, as other courts have concluded, there is no indication that Congress intended to create a private civil right of action. *See Smith v. United States*, 293 F.3d 984, 988 (7th Cir. 2002); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Black Lives Matter D.C.*, 544 F. Supp. 3d at 40 (reaching the same conclusion). Instead, the text creates a criminal penalty with no mention whatsoever of any civil remedy. *See* 18 U.S.C. § 1385 (violators "shall be fined under this title or imprisoned not more than two years, or both").

Accordingly, Plaintiff cannot make a viable civil claim under the PCA.

## IV. Conclusion

For the reasons stated, I find that Plaintiff fails to state a viable, non-frivolous claim. Accordingly, I respectfully **RECOMMEND** that:

(1) Plaintiff's motion to proceed in forma pauperis (Doc. 11) be DENIED without prejudice;

(2) Plaintiff's Fourth Amended Complaint (Doc. 10) be DISMISSED without prejudice, subject to the right of Plaintiff either to pay the filing fee, or to file an amended complaint and motion to proceed in forma pauperis, within 60 days of the District Court's order of dismissal;

(3) At the close of the 60-day period, if Plaintiff has failed to file the amended documents, or to pay the filing fee, Plaintiff's case be dismissed with prejudice, meaning that Plaintiff would not be allowed to re-open or re-file this lawsuit.

SUBMITTED on March 17, 2025.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's

failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.