UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW AARON DAVIS,

    Plaintiff,

v().                            Case No: 8:24-cv-02907-KKM-NHA

STATE ATTORNEY OF
PASCO COUNTY,

    Defendant.
_____

## ORDER

The United States Magistrate Judge recommends denying the plaintiff's Motion to Proceed In Forma Pauperis and dismissing this action with prejudice because the plaintiff's sixth amended complaint fails to state a viable, non-frivolous claim. Rep. and Rec. (Doc. 25) R&R. The plaintiff filed an objection. Obj. (Doc. 28). I overrule the objection and adopt the Report and Recommendation.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and

specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

The Report and Recommendation explained that the sixth amended complaint did not state sufficient facts to plead viable claims under 42 U.S.C. § 1983 against the defendants. R&R at 6–9. As to Defendant Chris Nocco, sued in his official capacity as Sheriff of Pasco County, the Magistrate Judge concluded that the plaintiff could not bring a § 1983 action against him because there were no facts alleged that create the necessary causal connection to hold Defendant Nocco liable for the actions of his subordinates. *Id.* at 6–7. And the plaintiff cannot sue the Pasco County Sheriff's Office under § 1983 because under Florida Law, Sheriff's offices are not separate legal entities that can be sued. *Id.* at 7–8.

In response, the plaintiff does not object to the Magistrate Judge's legal reasoning, but instead submits new facts suggesting that Defendant Nocco helped implement a program that led to constitutional violations, and therefore he can be

2

sued under § 1983. Obj. at 2–3. These facts were not alleged in the sixth amended complaint. *See generally* Sixth Am Compl. (Doc. 18). Because the plaintiff's objection to the Report and Recommendation presents new facts not alleged in his sixth amended complaint, I overrule it. Regardless of whether these new facts would save the plaintiff's claim against Defendant Nocco, the proper vehicle for such arguments is a motion to amend a complaint under Federal Rule of Civil Procedure 15(a), not in an objection to a report and recommendation. And in any event, the plaintiff has previously amended his complaint several times, without improvement. *See* (Docs. 3, 6, 7, 10, 18).

Upon review of the Report and Recommendation and the plaintiff's objections, I adopt the Report and Recommendation.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 25) is **ADOPTED** and made a part of this Order for all purposes.

2. The Motion to Proceed In Forma Pauperis (Doc. 19) is **DENIED.**

3. The Clerk is directed to enter judgment, which shall read "This case is dismissed with prejudice," and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 10, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge